## C. M. Heeter *v.* J. F. Lyon, Appellant.

*Contracts of tenants in common—Question for jury.*

A well having been drilled upon premises of which defendant was a tenant in common under a contract which allotted the costs pro rata among the owners, the question of liability of a particular tenant in common turns solely on whether he agreed to the contract and assumed his share of the cost. This is solely a question for the jury.

Argued May 14, 1897. Appeal, No. 139, April T., 1897, by defendant, from judgment of C. P. Butler Co., Sept. T., 1896, No. 80, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER and ORLADY, JJ. Affirmed.

Assumpsit to recover price of the drilling of a well. Before GREER, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict for plaintiff for $217.14. Defendant appealed.

*Errors assigned* were (1) In answering the defendant's first point, which point and answer are as follows : " Plaintiff having entered into a written contract with all the joint owners in the lease except defendant for a specific sum, he cannot maintain the suit against the defendant for a pro rata share of the expenses or contract price as laid in the original contract, it not being divisible. *Answer :* Refused." (2) In answering the defendant's second point which point and answer are as follows : " 2. Plaintiff in this action being a joint owner or tenant in common with defendant, cannot maintain assumpsit without an express contract. *Answer :* Affirmed. The plaintiff cannot recover without a contract; this is fully explained in the gen-

eral charge." (3) In answering the defendant's third point, which point and answer are as follows : "3. From all the evidence in this case the verdict should be for the defendant. *Answer :* Refused."

*H. H. Goucher,* with him *Lev. McQuistion, J. C. Vanderlin* and *J. H. Wilson,* for appellant.—In Borrell v. Borrell, 33 Pa. 492, the majority of the court sustained assumpsit on implied contract, but this case was practically overruled in Kline v. Jacobs, 68 Pa. 57.

The best summary of the law in our own books will be found in the admirably clear and accurate opinion of Judge THAYER, in Norris v. Gould, 17 Phila. 318. But in all of our cases, including even those which have most favored the action of assumpsit, such as Borrell v. Borrell, 33 Pa. 492; Lusk v. Lusk, 113 Pa. 256, have held that unless on an express promise of a liquidated sum all the cotenant is obliged to account for is a share of the profits. This case cites numerous authorities upon the doctrine of maintaining an action of assumpsit by one joint owner against another, and the courts have uniformly held that the action cannot be maintained except upon an express promise to pay.

*W. D. Brandon,* for appellee.

OPINION BY ORLADY, J., July 23, 1897 :

The defendant in this case was the owner of an undivided one eighth interest in a leasehold for oil and gas purposes in Butler county. In the improvement of the property, it was agreed by all interested therein save the defendant (and plaintiff contends with him also), that a new well should be drilled on the premises, the cost of which was to be $2,600. This sum was to be paid to the plaintiff by the owners, in proportion to their respective interests. All of the owners, save the defendant, went on the ground and fixed the location of the new well and directed the manner in which it was to be drilled. The plaintiff contends that the matter was subsequently brought to the attention of the defendant, who ratified the contract, and agreed to pay his share of the $2,600, and on the faith of this promise, the work was done in a manner to which there was no

objection, and the plaintiff brings this action to recover from the defendant his proportionate share of the cost. The whole question was one of fact, and the right of one joint tenant or tenant in common to recover in assumpsit, for property improvement without an express contract from one equally interested, does not apply in this case. It was not contended that the work was done improperly. The defendant denied authorizing it. The plaintiff asserted that he had full authority from him to do the work, and while the others signed a written contract, it was at a time when the work was nearly completed, and the. defendant's objection to signing the writing, was only because he was not satisfied with the location adopted by the others interested in the title.

The question was fairly submitted to the jury, who were told " if there was no agreement or consent of Mr. Lyon with Mr. Heeter, so to drill this well, then the verdict must be for the defendant, because the majority consenting to it would not bind him ; but if the well was drilled, which is admitted, and if its drilling would have benefited Mr. Lyon and it is admitted it would have, then if Mr. Lyon consented to its drilling, etc., joining in with the others although not in writing, then he would be liable to pay his share, whatever that share is reasonably worth." This was a fair submission of the only question in controversy, to the only tribunal authorized to dispose of it.

The assignments of error are overruled and the judgment is affirmed.